**In re Emilia Anne BENINCASA, Debtor.**

**No. 05–90434–NVA.**

United States Bankruptcy Court, D. Maryland, at Greenbelt.

April 3, 2006.

Emilia Anne Ferri, Darnestown, MD, Wendell W. Webster, Webster, Frederickson, et al., Washington, DC, for Debtor.

Nancy L. Spencer Grigsby, Bowie, MD, for Trustee.

1. Hereinafter references to provisions of the United States Bankruptcy Code will be referred to as "Section."

2. *See* 11 U.S.C. § 727(a)(11).
    § 727. Discharge
    The court shall grant the debtor a discharge, unless-

## ORDER APPROVING APPLICATION [6] FOR EXEMPTION OF CREDIT COUNSELING PURSUANT TO 11 U.S.C. § 109(h)(4) [6]

NANCY V. ALQUIST, Bankruptcy Judge.

11 U.S.C. § 109(h)[1] prohibits an individual from being a debtor in a bankruptcy case unless that individual has received from an approved non-profit budget and credit counseling agency, a briefing outlining the opportunities for available credit counseling and assisting the individual in performing a related budget analysis. Section 521(b) requires the debtor to file a certificate from the approved non-profit budget and credit counseling agency that provided the services required by Section 109(h), as well as a copy of any debt repayment plan developed through that agency. The requirement set forth in Section 109(h)(1) is excused if the Court determines, after notice and hearing, that the debtor is unable to complete the requirements because of incapacity, disability, or active military duty in a military combat zone. 11 U.S.C. § 109(h)(4). If the Court finds that the debtor is a person described in Section 109(h)(4), the debtor is also excused from the instructional course concerning personal financial management described in Section 111.[2]

On December 1, 2005, the debtor filed, contemporaneously with her petition what the Court construes as an Application [6] for Exemption of Credit Counseling Pursuant to 11 U.S.C. § 109(h)(4). In the Application, the debtor states that she qualifies for an exemption from credit

(11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111, except that this paragraph shall not apply with respect to a debtor who is a person described in section 109(h)(4) . . .

counseling because she is incapacitated or disabled, as defined in section 109(h)(4). In support of the exemption, the debtor also filed exhibits [12] including an Order and Amended Order for the Appointment of a Guardian entered by the Circuit Court of Maryland for Montgomery County. On December 7, 2005, the Court conducted a hearing on debtor's Application [6]. Dr. Vincent Benincasa, the duly appointed state court guardian for the debtor, and debtor's counsel in the state court guardianship proceedings were present at the hearing. Testimony by debtor's counsel was proffered and evidence was submitted to the Court. The Court finds that the debtor meets the definition of incapacity as defined in section 109(h)(4), and is therefore excused from the requirements set forth in Section 109(h)(1). For reasons stated in particularity on the record, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the debtor's Application for Exemption of Credit Counseling [6] pursuant to 11 U.S.C. § 109(h)(4) is GRANTED.